**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **NELSON J. RODRIGUEZ,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 3:21-cv-222** |
| | ) | **Judge Campbell/Frensley** |
| **MONTGOMERY COUNTY,** | ) | **Jury Demand** |
| **TENNESSEE,** | ) | |
| **Defendant.** | ) | |

**INITIAL CASE MANAGEMENT ORDER**

**A. JURISDICTION:** The court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

**B. BRIEF THEORY OF THE PARTIES:**

**a. PLAINTIFF:** Plaintiff Nelson J. Rodriguez ("Plaintiff") formerly worked for the Montgomery County Sheriff's Office, a division of Defendant Montgomery County, Tennessee ("Defendant") as a School Resource Officer ("SRO"). Plaintiff is Hispanic and is a veteran of the armed services with service-related post-traumatic stress disorder ("PTSD"), a condition that renders him disabled within the meaning of the Americans with Disabilities Amendments Act.

On June 17, 2020, Plaintiff was involved in an on-duty vehicle crash that exacerbated the symptoms of his PTSD. As recommended by his doctor, Plaintiff requested a leave of absence through August 17, 2020 to seek treatment. Plaintiff voluntarily told Defendant the leave of absence was necessitated by the exacerbation of his PTSD symptoms. During his leave of absence, Plaintiff applied for a different position with Defendant as a potential accommodation for his disability. Defendant never responded to Plaintiff's application for transfer. In the meantime, Plaintiff's doctor prescribed Plaintiff a medication that greatly alleviated Plaintiff's PTSD symptoms. Plaintiff's doctor released him to return to work without restrictions on August 17,

2020. Defendant required Plaintiff to undergo a fit-for-duty examination before Plaintiff returned to work. The doctor who conducted the fit-for-duty exam expressed concern that Plaintiff's doctor had recently prescribed a new medication to Plaintiff and recommended that Defendant place Plaintiff on light duty until Plaintiff had been taking the medication for a longer period.

On August 25, 2020, Defendant called Plaintiff into a meeting to discuss the fit-for-duty exam. At that meeting, Defendant terminated Plaintiff for failure to "maintain the pre-employment standards," as required by the Rules of the Tennessee Peace Officer Standards and Training Commission (the "POST Rules") and told Plaintiff it would consider re-hiring him after he "took care of" his PTSD. Plaintiff knows of another Deputy with PTSD whom Defendant fired using the POST Rules. Plaintiff further knows of similarly situated non-Hispanic employees whom Defendant provided with reasonable accommodations (*i.e.*, light duty and a transfer) for their disabilities.

Accordingly, Plaintiff alleges he was terminated because of his disability in violation of the Americans with Disabilities Act (the "ADA") and the Tennessee Disability Act (the "TDA"); that Defendant failed to accommodate his disability and failed to engage in the interactive process to find a reasonable accommodation for Plaintiff's disability in violation of the ADA; that Defendant retaliated against Plaintiff for requesting a reasonable accommodation in violation of the ADA; that Defendant discriminated against Plaintiff because of his race and/or national origin in violation of Title VII of the Civil Rights Act ("Title VII") and the Tennessee Human Rights Act (the "THRA"); and that Defendant violated Plaintiff's constitutional rights guaranteed by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution to be free from discrimination and retaliation as a result of his disability.

**b. DEFENDANT:** Defendant MONTGOMERY COUNTY, TENNESSEE, hired

Plaintiff NELSON J. RODRIGUEZ to work as a deputy School Resources Officer with the Montgomery County Sheriff's Office in October of 2019. In June of 2020, the Plaintiff was involved in a self-described "fender-bender" motor vehicle accident with another Sheriff's deputy while on duty. Following that accident, the Plaintiff requested a leave of absence. The Plaintiff met with supervisors of the Montgomery County Sheriff's Office on June 29, 2020, to discuss his request for a leave of absence. At that time, the Plaintiff advised he was having some mental health issues, his doctor had taken him off work until August 17, 2020, and he probably would not be able to return to law enforcement. The Defendant was also aware the Plaintiff advised another member of the Sheriff's Office he was afraid he might accidentally shoot a child. Due to the statements made by the Plaintiff during this meeting and to individual(s) within the Sheriff's Office, the Plaintiff was placed on administrative leave with pay pending his doctor releasing him to return to work and completion of a fitness for duty examination. After his doctor released him to return to work, a fitness for duty examination occurred in August of 2020 at which time the examiner found the Plaintiff was not qualified to perform an essential function of the job with or without reasonable accommodation. The Defendant therefore terminated the Plaintiff's employment. The Defendant did not have any positions available which did not require passing a psychological fitness for duty examination. The Defendant contends this termination was commanded by Tennessee law, specifically Tennessee Code Annotated § 38-8-106 and POST Rules, Chapter 1101-02-.03, and therefore did not violate the ADA or ADAAA, TDA, Title VII, the Tennessee Human Rights Act, or the Equal Protection Clause to the United States Constitution asserted pursuant to 42 U.S.C. § 1983 as the Plaintiff was not qualified to serve as a police officer or more precisely a School Resources Officer pursuant to Tennessee Code Annotated § 38-8-106 and POST Rules, Chapter 1101-02-.03. The statute requires "any person employed as a full time

police officer . . . shall: . . . [h]ave been certified by a Tennessee licensed health care provider qualified in the psychiatric or psychological field as being free from any impairment, as set forth in the current edition of the Diagnostic and Statistical Manual of Mental Disorders (DSM) of the American Psychiatric Association at the time of the examination, that would, in the professional judgment of the examiner, affect the applicant's ability to perform an essential function of the job, with or without a reasonable accommodation." Tenn. Code Ann. § 38-8-106(9). Once a Tennessee licensed health care provider in the psychiatric or psychological field determined the Plaintiff was not qualified to perform his essential job functions with or without a reasonable accommodation, the Plaintiff was not qualified to serve in his designed position and was terminated from that position.

**C. ISSUES RESOLVED:** Jurisdiction and venue.

**D. ISSUES STILL IN DISPUTE:** Liability and damages.

**E. INITIAL DISCLOSURES:** The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before **June 22, 2021**.

**F. CASE RESOLUTION PLAN AND JOINT STATUS REPORTS:** The parties are encouraged to consider the Alternative Dispute Resolution options provided in Local Rule 16.02 through 16.05. By no later than **September 17, 2021**, the parties will jointly discuss a resolution of the case. If that conference is not successful, by no later than **September 29, 2021**, Plaintiff shall make a demand to Defendant. If the parties' first settlement discussions are not successful, by no later than **January 18, 2022**, the parties shall jointly discuss a resolution of this case and the feasibility of mediation. By **April 5, 2022**, the parties shall submit a joint report confirming that the parties made a good faith attempt to resolve the case. The joint report shall also state whether the parties believe ADR might assist in resolution of the case. If a judicial

settlement conference is requested in either joint report or separately, the parties shall also state (i) the reasons why mediation is not feasible; (ii) their proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference.

**G. DISCOVERY:** The Parties shall complete all written discovery and depose all fact witnesses on or before **March 22, 2022**. Written discovery should proceed promptly (unless otherwise provided for herein) and shall be served no later than **September 27, 2021**. Discovery is not stayed during dispositive or other motions, unless ordered by the Court.

No discovery disputes may be brought to the Court for resolution before lead counsel for all parties has conducted an in-person meeting and made a good faith effort to resolve any dispute(s). Discovery disputes that cannot be resolved after the in-person meeting should be brought promptly to the attention of the Magistrate Judge by a request for a discovery conference. It will be within the Magistrate Judge's discretion whether to allow for the filing of discovery-related motions. All discovery motions shall be filed by no later than **April 5, 2022**. In connection with any discovery conference or discovery motion, the parties shall file a joint discovery dispute statement, which describes the specific discovery request(s) in dispute and details each party's position with supporting fact and legal authorities. The joint discovery dispute statement shall certify that lead counsel for all parties conducted the aforementioned in-person meeting and made a good faith effort to resolve each discovery dispute presented in the statement. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01, but must clearly state in the filing made in accordance with the timing requirements of Local Rule 7.01 that the joint statement is adopted as the party's memorandum of law or response.

**H. MOTIONS TO AMEND OR TO ADD PARTIES.** Any motions to amend or to add parties shall be filed by no later than **August 20, 2021**. Any motion to amend must be accompanied by the proposed amended pleading, which shall be appended as an exhibit to the motion. Prior to filing the motion to amend, counsel for the moving party shall discuss the proposed amendment with all other counsel and shall state in the motion to amend whether or not the motion is opposed.

**I. DISCLOSURE AND DEPOSITIONS OF EXPERTS:** The plaintiff shall identify and disclose all expert witnesses and expert reports on or before **January 7, 2022**. The defendant shall identify and disclose all expert witnesses and reports on or before **March 7, 2022**. Rebuttal experts shall be permitted only by leave of court. Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. *See* Local Rule 39.01(c)(5.C). Expert depositions shall be completed by **May 20, 2022**, except for economic experts. The parties have until 60 days before trial to depose economic experts.

**J. SUBSEQUENT CASE MANAGEMENT CONFERENCE.** A subsequent case management conference shall be held telephonically on **February 23, 2022 at 9:00 a.m.**, to address: status of discovery (including any known or anticipated discovery issues or disputes); prospect for settlement (including propriety of ADR); and, any other appropriate matters. The Parties shall call 1-877-336-1831 at the appointed time, and when prompted for the access code, enter 7039387# to participate in the Conference. If a party has difficulty connecting to the call or has been on hold for more than five (5) minutes, please contact chambers at 615-736-7344.

**K. DISPOSITIVE MOTIONS:** As provided above, the parties must attempt to resolve the case prior to the filing of dispositive motions. Dispositive motions shall be filed by no later than **July 14, 2022**. Responses to dispositive motions shall be filed within 28 days after the filing of the motion. **Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages.** Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except by permission of the Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the Court.

**L. ELECTRONIC DISCOVERY.** The parties anticipate reaching an agreement on how to conduct electronic discovery; therefore, Administrative Order No. 174-1 need not apply to this case. In the absence of an agreement, the default standards of Administrative Order No. 174-1 will apply. Any agreement between the parties to address the topics provided by Administrative Order No. 174-1 must be reduced to writing, signed by counsel, and either filed as a stipulation of agreed-upon discovery procedures, or, if the parties request court approval, submitted as proposed agreed order with an accompanying motion for approval.

**M. MODIFICATION OF CASE MANAGEMENT ORDER.** Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether or not there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be

necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date. Motions for extensions should also detail the moving party's efforts at diligently complying with the originally scheduled deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

**N. REQUESTS TO SEAL DOCUMENTS OR PORTIONS OF DOCUMENTS.** Any party requesting that documents or portions of documents be sealed, including without limitation for use as exhibits at trial, must file a motion to seal in accordance with Section 5.07 of Administrative Order No. 167 (Administrative Practices and Procedures for Electronic Case Filing) and Local Rule 7.01, which demonstrates compelling reasons to seal the documents and that the sealing is narrowly tailored to those reasons. The motion to seal, **even if unopposed**, must specifically analyze in detail, document by document, the propriety of secrecy, providing factual support and legal citations. Generally, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence is typically enough to overcome the presumption of public access. Failure to comply with these procedures or to provide sufficiently compelling reasons may result in denial of the request to seal documents or portions of documents. Protective orders should not provide that documents produced in discovery and designated as "confidential" will be automatically sealed upon filing or if used at trial. Any such language in proposed protective orders will be stricken and may result in denial of the motion for entry of the proposed protective order.

**O. ESTIMATED TRIAL TIME AND TARGET TRIAL DATE:** The jury trial of

this action is expected to last approximately three days. A trial date of no earlier than **March 7, 2023** is respectfully requested.[1]

**IT IS SO ORDERED.**

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**

[1] The parties were also reminded during the case management conference of their option to consent to final disposition by the Magistrate Judge pursuant to Fed. R. Civ. P. 73 and Local Rule 73.01. As discussed, if the parties wish to utilize this option, they may jointly complete and electronically file the form Notice, Consent, and Reference of a Civil Action to a Magistrate Judge found on the Court's website under the link for Forms. Not consenting will not result in any adverse consequences, and the Notice should be filed **only if <u>all</u> parties consent** to final disposition by the Magistrate Judge.